UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PHILLIP COOPER,

        Petitioner,

v.

CASE NO. 2:08-CV-11839
CHIEF JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

        Respondent.[1]

_____/

# REPORT AND RECOMMENDATION

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    D.    *Validity of Plea/Ineffective Assistance (Claims I & II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    E.    *Withdrawal/Innocence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    F.    *Individualized Sentence (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    G.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

\*     \*     \*     \*     \*

I.    __RECOMMENDATION__: The Court should deny petitioner's application for the writ of

habeas corpus. The Court should also deny petitioner a certificate of appealability.

II.    __REPORT__:

A.    *Procedural History*

        1.    Petitioner James Phillip Cooper is a state prisoner, currently confined at the Florence

---

[1]By Order entered this date, Carol R. Howes has been substituted in place of Jeff Woods as the proper respondent in this action.

Crane Correctional Facility in Coldwater, Michigan.

2.    On October 26, 2006, petitioner was convicted of first degree home invasion, MICH. COMP. LAWS § 750.110a, pursuant to his no contest plea in the Oakland County Circuit Court.  On January 9, 2007, he was sentenced as an habitual offender, third offense, to a term of 6½-40 years' imprisonment.

3.    Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

I.     THE LOWER COURT JUDGE ABUSED HER DISCRETION BY FAILING TO GRANT DEFENDANT'S PRE-SENTENCE MOTION TO WITHDRAW PLEA BASED ON THE INEFFECTIVE ASSISTANCE OF COUNSEL HE RECEIVED.

II.    MR COOPER RESPECTFULLY ASSERTS THAT THE LOWER COURT JUDGE ABUSED HER DISCRETION BY NOT ALLOWING HIS PLEA TO BE WITHDRAWN WHERE IT WAS INVOLUNTARILY ENTERED.

III.   DEFENDANT'S SENTENCE WAS INVALID WHERE IT WAS NOT INDIVIDUALIZED.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Cooper*, No. 277628 (Mich. Ct. App. May 18, 2007).

4.    Petitioner sought leave to appeal these issues to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Cooper*, 480 Mich. 892, 738 N.W.2d 752 (2007).

5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 30, 2008.  As grounds for the writ of habeas corpus, he raises the three claims that he raised in the state courts.

6.    Respondent filed her answer on December 29, 2008.  She contends that petitioner's

claims are without merit or not cognizable on habeas review.

B.    *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from an automobile stop and search conducted by police officers on a car being driven by Travis Simmons, and in which petitioner was a passenger. Police, who had Simmons under surveillance, stopped Simmons's automobile and searched it, as well as a bag Simmons was carrying. The police thereafter executed a search warrant on Simmons's residence. During the search, the officers found property belonging to Tim Milliken, who had been the victim of a home invasion. A fingerprint expert testified at the preliminary examination that a partial fingerprint matching petitioner's print was lifted from Milliken's vehicle, from which a cell phone and satellite radio found in Simmons's home had been stolen.

On the day set for trial, petitioner entered a no contest plea pursuant to a *Cobbs* agreement.[2] Pursuant to the plea deal, petitioner agreed to plead no contest to the first degree home invasion charge, in exchange for dismissal of second charge of larceny from a motor vehicle. The parties also agreed that petitioner's minimum term of imprisonment would not exceed the low end of the guidelines, which the parties had preliminarily determined to be 84 months. *See* Plea Tr., at 5. Upon questioning by defense counsel, petitioner indicated his agreement with the plea deal. He also indicated that he understood that he was forgoing both an evidentiary hearing and the trial, which had been scheduled for that day. Petitioner further stated that he understood that he had the right to go to trial, but wished to forgo that right and plead no contest. *See id.* at 6-7. Upon questioning by the trial court, petitioner indicated that he was satisfied with the advice of his attorney. *See id.*

---

[2]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence imposed is more severe.

at 8.  The trial court explained the maximum term of imprisonment faced by pleading no contest, and petitioner indicated that he understood.  *See id.*  The court explained to petitioner the rights he was waiving by pleading no contest, and petitioner indicated that he understood those rights and that he was waiving them by pleading no contest.  *See id.* at 9-12.  Petitioner denied that anyone had threatened him to induce his plea, and stated that it was his own choice to enter his plea.  *See id.* at 12.  The court then accepted petitioner's plea.  *See id.*

After his plea and prior to sentencing petitioner, represented by new counsel, filed a motion to withdraw the plea.  Petitioner argued that he should be allowed to withdraw the plea because it was entered into involuntarily and as a result of counsel's ineffective assistance.  Specifically, petitioner argued that counsel was ineffective for failing to follow through on his motion to suppress the evidence seized from Simmons's car and home, and his motion to quash the bindover for insufficient evidence.  Petitioner also argued that he did not have adequate time to discuss the plea with counsel.  At sentencing, the trial court denied the motion, concluding that the motion to suppress and motion to quash would not have been successful, and that the plea was voluntary.  *See* Sentence Tr., at 6.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

>      (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect

4

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by

the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Validity of Plea/Ineffective Assistance (Claims I & II)*

1.    *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the

defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17

F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness.

*See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

"The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible."

*Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when

he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v.

Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused
> person, who has been advised by competent counsel, may not be collaterally
> attacked. It is also well settled that plea agreements are consistent with the
> requirements of voluntariness and intelligence--because each side may obtain
> advantages when a guilty plea is exchanged for sentencing concessions, the
> agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect

the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To

establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were

so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These

two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason

for a court deciding an ineffective assistance claim . . . to address both components of the inquiry

if the defendant makes an insufficient showing on one." *Id*. at 697. If "it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

followed." *Id*.

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id*. at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.

> A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

### 2. *Analysis*

Petitioner contends that is plea was involuntary and based on the ineffective assistance of counsel because: (1) counsel failed to follow through on his motions to suppress and to quash, which would have had a good chance of success; (2) counsel failed to obtain a fingerprint expert; and (3) it was based on his fear of a lengthy prison term if he went to trial; and (4) he did not have adequate time to discuss the matter with counsel. The Court should conclude that petitioner is not entitled to habeas relief on these claims.[3]

As a general matter, petitioner's statements at the plea hearing belie his claims. At the hearing, petitioner indicated that he understood that he was giving up his right to challenge the search and the bindover by pleading guilty. Petitioner also expressed his satisfaction with counsel's assistance, and denied that any threats or coercion had been used to induce his plea. These

---

[3]At the outset, I note that petitioner's ineffective assistance of counsel claims were not waived by his guilty plea, respondent's argument to the contrary notwithstanding. While a voluntary guilty plea waives claims of ineffective assistance of counsel, it does not do so insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F. 3d 386, 392 (5th Cir. 2000); *Russell v. Pitcher,* 2000 WL 1769568, at *3 (E.D. Mich. Oct. 24, 2000) (Borman, J.).

statements "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted). In view of this standard and petitioner's statements at the plea colloquy, petitioner's coercion and ineffective assistance of counsel claims are without merit.

Turning more specifically to the claims raised by petitioner, the Court should conclude that petitioner cannot establish prejudice from counsel's failure to pursue further the motions to suppress and to quash. In denying petitioner's motion to withdraw his plea, the trial court explicitly held that the motions to suppress and to quash would have been denied. Petitioner cannot show that this determination was unreasonable. Petitioner's motion to suppress was based on the argument that

the initial search of Simmons's automobile and the subsequent search of Simmons's home based on the initial automobile search were illegal. As characterized by petitioner, nothing was recovered from the search of the automobile, and the only evidence admissible at trial would have come from the search of Simmons's home. It is clear, however, that petitioner had no basis to suppress any evidence seized from Simmons's home or from Simmons's car. As the Supreme Court has explained, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978)). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134. Here, petitioner was only an occupant in Simmons's car, and he "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized," and thus the search of the car did not violate petitioner's Fourth Amendment rights. *Id.* at 148. And petitioner maintains that there was no evidence that he ever lived at, visited, or even knew of Simmons's home. Petitioner had no basis to "assert the illegality of a search of his codefendant's home in which he had no expectation of privacy." *United States ex rel. Mattox v. Scott*, 366 F. Supp. 1294, 1296 (N.D. Ill. 1973) (citing *Alderman v. United States*, 394 U.S. 165 (1969)), *aff'd in part, rev'd in part on other grounds*, 507 F.2d 919 (7th Cir. 1974). Thus, the trial court's conclusion that petitioner's motion to suppress would have been denied was reasonable.

Likewise, petitioner cannot show a reasonable probability that his motion to quash the bindover would have been successful. At the preliminary examination, evidence was presented showing that petitioner was associated with Simmons, that Simmons was in possession of items stolen from the victim's car while it was parked in the victim's garage, and that a fingerprint matching petitioner was found on the victim's car. While it may be true that the fingerprint evidence, which was the principle evidence connecting petitioner to the case, was not particularly strong, the prosecution's burden at the preliminary examination stage is not onerous. As the Michigan Court of Appeals has explained:

> A district court must bind over where the prosecutor has presented competent evidence sufficient to support probable cause to find both that a felony was committed and that defendant committed it. [*People v. Northey*, 231 Mich.App. 568], 574-575, 591 N.W.2d 227 [(1998)]. The prosecutor is not required to prove all elements of the offense charged at the preliminary hearing, but must only produce evidence sufficient for a finding of probable cause. "Probable cause to believe that the defendant committed the crime is established by a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious person in the belief that the accused is guilty of the offense charged." *People v. Woods*, 200 Mich. App. 283, 288, 504 N.W.2d 24 (1993). "Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient to justify binding over a defendant." *Id*.

*People v. Cervi*, 270 Mich. App. 603, 616, 717 N.W.2d 356, 364 (Mich. Ct. App. 2006); *see also*, *People v. Grayer*, 235 Mich. App. 737, 744 n.3, 599 N.W.2d 527, 531 n.3 (Mich. Ct. App. 1999). "Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v. Justice*, 454 Mich. 334, 344, 562 N.W.2d 652, 657 (1997). Here, the evidence of Simmons's possession of the stolen items, petitioner's association with Simmons, and the presence of petitioner's fingerprint provided sufficient evidence to raise "a reasonable belief" of his guilt. That there may have been some bases on which to challenge the accuracy or probative value of the fingerprint evidence does not alter the

conclusion that sufficient evidence was presented to bind over petitioner on the charges against him. *See People v. Hudson*, 241 Mich. App. 268, 278, 615 N.W.2d 784, 790 (Mich. Ct. App. 2000) ("[T]he magistrate may not weigh the evidence to determine the likelihood of conviction, but must restrict his or her attention to whether there is evidence regarding each of the elements of the offense."). Thus, petitioner cannot show a reasonably probability that his motion to quash the bindover would have been granted. And because petitioner cannot show a reasonable probability that either motion would have been granted, he cannot show that he was prejudiced in his decision to plead no contest by counsel's failure to further pursue these motions.

Likewise, petitioner cannot show that his plea was involuntary based on counsel's failure to secure a fingerprint expert. Petitioner has presented no evidence, through affidavit or otherwise, that any fingerprint expert was available who could have challenged the fingerprint evidence at trial. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim, *see United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same). Thus, "a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); *see also*, *Pittman v. Florida*, No. 8:05-cv-1700, 2008 WL 2414027, at *12 (M.D. Fla. June 11, 2008). Further, there is not a reasonable probability that counsel's retention of an expert would have affected petitioner's decision to plead no contest. It is clear, as alleged by petitioner himself, that his plea was motivated primarily by the fear of a significantly longer prison term if convicted. While counsel's retention of a fingerprint expert may

have increased his chances of acquittal, the possibility of his conviction and consequent basis for pleading no contest would nevertheless have remained.

Nor can petitioner show that his plea was invalid because it was motivated by the fear of a significantly greater sentence. As the Supreme Court has explained, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751. Likewise, petitioner cannot show that he lacked adequate time to discuss the plea with counsel. Although the plea offer was not made by the prosecutor until the evening before the date set for trial, the record reflects that the trial court adjourned the proceedings so that counsel could discuss the matter with petitioner. *See* Plea Tr., at 4. When the proceedings resumed, counsel indicated that they had "some extensive conversations." *Id*. at 5. During argument on petitioner's motion to withdraw the plea, the prosecutor indicated, without contradiction, that petitioner and counsel had two hours on the morning of the plea to discuss the matter. *See* Sentence Tr., at 5. And in any event "the strategic decision to plead guilty is not necessarily rendered involuntary by the anxieties and time pressures confronting the defendant." *United States v. Mescual-Cruz*, 387 F.3d 1, 10 (1st Cir. 2004); *see also*, *Doe v. Woodford*, 508 F.3d 563, 569-72 (9th Cir. 2007) (plea not rendered involuntary by fact that petitioner had only two hours to consider plea offer where record otherwise showed plea was voluntary). Accordingly the Court should conclude that petitioner is not entitled to habeas relief on his involuntary plea and ineffective assistance of counsel claims.

E.      *Withdrawal/Innocence*

In the state courts, petitioner contended that the trial court erred in failing to allow him to

withdraw his plea and maintained his innocence. To the extent that he is raising these claims apart from his involuntary plea and ineffective assistance of counsel claims, they provide no basis for habeas relief.

A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus petitioner's assertion of innocence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders

the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided nearly forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

Nor can petitioner show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*,

454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979).  Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

Further, even under the standard applicable to pleas in federal court under FED. R. CRIM. P. 11, petitioner cannot show that he would be entitled to withdrawal of his plea.  Under this standard, a claim of innocence alone does not entitle a defendant to withdraw his plea; rather, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), *aff'd*, 264 Fed. Appx. 2 (D.C. Cir. Jan. 25, 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007).  To be entitled to withdrawal, a "defendant must come forward with some evidentiary support for his innocence." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *see also*, *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001).  Here, petitioner does not have any evidentiary support for his claim of innocence other than his own denial of guilt.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Individualized Sentence (Claim III)*

Finally, petitioner contends that the trial court failed to individualize his sentence based on his individual characteristics and circumstances.  This claim is not cognizable on habeas review.

A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan*

*Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Although the Supreme Court has held that individualized sentencing is required in the death penalty context, *see, e.g.*, *Tuilaepa v. California*, 512 U.S. 967, 972 (1994); *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976), these cases "have repeatedly suggested that there is no comparable requirement outside the capital context, because of the qualitative difference between death and all other penalties." *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (citing *Eddings v. Oklahoma*, 455 U.S. 104, 110-112 (1982); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *Lockett v. Ohio*, 438 U.S. 586, 602-05 (1978); *Woodson*, 428 U.S. at 303-05). Based on these cases, the *Harmelin* Court explicitly declined to extend the individualized sentencing requirement to non-capital cases. *Harmelin*, 501 U.S. at 996 ("We have drawn the line or required individualized sentencing at capital cases, and see no basis for extending it further."); *see also*, *id.* at 1006 (Kennedy, J., concurring). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.      *Recommendation Regarding Certificate of Appealability*

        1.      *Legal Standard*

        As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack*

*v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a

recommendation regarding the certificate of appealability issue here.

2. *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should conclude that petitioner is not entitled to a certificate of appealability. The record establishes that petitioner's plea was knowingly and voluntarily entered. Further, it is not reasonably debatable that petitioner's motions to quash and to suppress likely would have been denied had counsel pressed them at an evidentiary hearing. Thus, the conclusions that petitioner's plea was voluntary and that counsel was not ineffective are not reasonably debatable. Further, it is clear under established Supreme Court precedent that petitioner's plea withdrawal, innocence, and individualized sentencing claims are not cognizable on habeas review, and thus the resolution of these claims is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

H. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 5/17/10


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on May 17, 2010.

s/Eddrey Butts_____
Case Manager